UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW C WILSON, and
WILSON AVIATION LLC,

Plaintiffs,

v.

CRAWFORD COUNTY AIRPORT
AUTHORITY,

Defendant.

Case No. 25-cv-01375-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Crawford County Airport Authority's Motion for Summary Judgment (Doc. 31). It asks the Court to grant summary judgment in its favor on Plaintiffs Matthew Wilson and Wilson Aviation LLC's claims. Plaintiffs filed a response (Doc. 33).

## I. BACKGROUND

On March 31, 2023, an F3 tornado destroyed the Crawford County Airport ("the Airport"), including the buildings and hangers. The Airport recovered from the destruction by building ten T-Hangers and four Box Hangers. The new hangers were offered for lease to the public upon execution of a Hanger Lease.

After the hangers were built, Wilson Aviation requested to lease one of the new T-Hangers, but its request was denied. The parties disagree over the reason for the denial. Defendant argues that the denial was based on Wilson's past payment history. Plaintiffs, on the other hand, contend that they always made rent payments in accordance with their agreements with Defendant and that the real reason for the denial was Wilson's dispute with Defendant over a cleanup invoice and the litigation arising from that dispute.

Plaintiffs filed a complaint against Defendant, each asserting a claim of retaliation in violation of the First Amendment under 42 U.S.C. § 1983.[1] Plaintiffs seek, in part, an order requiring Defendant to lease an airport hanger to them under normal commercial terms offered to the public.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56); *accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). In assessing a summary judgment motion, the Court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). However, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (internal quotation marks and citation omitted)).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the moving party fails to meet its strict burden, the Court cannot enter summary judgment for the moving party even if the

[1] In its motion for summary judgment, Defendant argues that Plaintiffs cannot state a due process claim under the Fourteenth Amendment because they have no property interest in leasing a new hangar. But Plaintiffs' claims are based on First Amendment retaliation, not the deprivation of a protected property interest.

opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986); *Modrowski*, 712 F.3d at 1168–69. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

## III. ANALYSIS

A municipal corporation,[2] like Defendant, may not be held vicariously liable for actions of its employees under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). It may be liable, however, for its own actions as a municipal corporation. *Id.* at 690–92. A municipal action occurs where (1) the municipal corporation had an express policy calling for a constitutional violation, (2) the municipal corporation had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) if a person with final policymaking authority for the municipal

[2] The parties do not address the type of entity Defendant is for purposes of § 1983 liability. The Court understands Defendant to be a municipal corporation. *See* 70 ILCS 5/2.7.2 (establishing the Crawford County Airport Authority and providing that it "shall be deemed an organized airport authority under this Act"); 70 ILCS 5/8 (stating that an Airport Authority is a "municipal corporation and body politic separate and apart from any other municipality, the State of Illinois or any other public or governmental agency").

corporation caused the constitutional violation. *Id.* at 694. And the policy, custom, or decision must be the moving force behind the constitutional violation. *Id.*

Plaintiffs allege that Defendant violated their First Amendment rights. The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Due Process Clause of the Fourteenth Amendment makes the First Amendment guarantees applicable to the states. *Gitlow v. New York*, 268 U.S. 652, 666 (1925).

To withstand a motion for summary judgment on a First Amendment retaliation claim, a plaintiff must make out a *prima facie* case by proving that: "(1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a *motivating factor* in the employer's action." *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir.2006) (emphasis added); *see Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Then the burden shifts to the defendant to rebut the causal inference created by the plaintiff's showing and to prove that it would have taken the same action regardless of the plaintiff's protected activity. *Kidwell*, 679 F.3d at 965. If the defendant fails to satisfy its burden, the plaintiff has established the "but-for" causation he needs to prevail in the action. *Id.* If the defendant is successful in rebutting the plaintiff's *prima facie* case, then the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason was pretextual and that the reason was discriminatory animus. *Thayer v. Chiczewski*, 705 F.3d 237, 252 (7th Cir. 2012). To show a proffered reason is a pretext, the plaintiff must "produce evidence upon which a rational finder of fact could infer that the defendant's proffered reason is a lie." *Zellner v. Herrick*, 639 F.3d 371, 379 (7th Cir. 2011).

Plaintiffs have presented sufficient evidence to establish a *prima facie* case under *Monell*. They allege that they had an active dispute with Defendant over a cleanup invoice and engaged in litigation concerning that dispute; that, as a result of their litigation against Defendant, Defendant refused to lease them a T-Hanger; that such a deprivation would likely deter an ordinary person, such as Plaintiffs who own an airplane, from engaging in litigation against Defendant; and that their litigation against Defendant was at least a motivating factor in Defendant's decision to refuse to lease them a T-Hanger.[3]

Defendant argues that it would have taken the same action regardless of Plaintiffs' protected activity because of their purported poor payment history. Plaintiffs, however, have offered evidence that they consistently made their payments on time and the real reason for the denial was the cleanup invoice litigation. The parties' disputes over whether Defendant would have made the same decision regardless of Plaintiffs' protected activity, and whether Defendant's stated reason is pretextual present genuine disputes of material fact that preclude summary judgment.

As for Defendant's argument that injunctive relief cannot be awarded because there are no hangers currently available, the Court will leave this issue for trial. At that time, the Court will have a more complete evidentiary record and will be positioned to tailor any injunctive relief to avoid harm to third parties.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment

---

[3] Defendant itself made the decision to refuse to lease a T-Hanger to Plaintiffs. Plaintiffs have therefore presented sufficient evidence to support municipal liability under *Monell*.

(Doc. 31).

**IT IS SO ORDERED.**
**DATED**: **October 5, 2026**

**J. PHIL GILBERT**
**United States District Judge**